**Yan Qing LU, Petitioner,**

v.

**BUREAU OF CITIZENSHIP AND IMMIGRATION SERVICES, Respondent.**

**No. 04–5586–AG.**

United States Court of Appeals, Second Circuit.

March 22, 2006.

Lorance Hockert, New York, New York, for Petitioner.

Robert Clark Corrente, United States Attorney for the District of Rhode Island; and Zechariah Chafee, Assistant United States Attorney, Providence, Rhode Island, for Respondent.

PRESENT: Hon. DENNIS JACOBS, Hon. ROBERT D. SACK, and Hon. PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED AND DECREED that the petition for review is DENIED.

Petitioner Yan Qing Lu, a citizen of the People's Republic of China, petitions for review of an order of the BIA affirming a decision of an immigration judge ("IJ") rejecting her application for asylum, withholding of removal, and Convention Against Torture ("CAT") relief. We assume the parties' familiarity with the facts, the procedural history, and the issues on appeal.

"Where the BIA adopts the decision of the IJ and merely supplements the IJ's decision, . . . we review the decision of the IJ as supplemented by the BIA." *Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005); *see also Xue Hong Yang v. United States DOJ,* 426 F.3d 520, 522 (2d Cir.2005) (finding that, when the BIA affirms the IJ's holding in all but one respect, "we review the judgment of the IJ as modified by the BIA's decision—that is, minus the single argument for denying relief that was rejected by the BIA"). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, declining to defer to them only if any reasonable adjudicator would be compelled to conclude to the contrary. *See* 8 U.S.C. § 1252(b)(4)(B); *Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 (2d Cir. 2004). Nevertheless, "the fact that the [agency] has relied primarily on credibility grounds in dismissing an asylum application cannot insulate the decision from review." *Ramsameachire v. Ashcroft,* 357 F.3d 169, 178 (2d Cir.2004). An adverse credibility determination must be based on "specific, cogent reasons" that "bear a legitimate nexus" to the finding. *Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003).

■ The record supports the IJ's finding of inconsistencies in the record. For instance, the record demonstrates that Lu initially testified that her United States-born children had never left the United States, but when asked about documents that showed they had gone to China, Lu testified that they had left the United States. Similarly, Lu testified initially that the Chinese government did not know about her first pregnancy but changed her testimony when it was pointed out that her aunt's letter indicated that the Chinese government did know about this pregnancy. Further, Lu testified that her husband's household registration was altered because she needed documents for her asylum application even though she did not apply for asylum until approximately one year after her husband's registration was changed; and she testified initially that her firstborn was not adopted, but, later, Lu and her husband stated that the child was adopted. When confronted with the adoptive mother's letter stating that Lu did not live with the child during its first month, Lu testified that she had told the truth, but did not explain the discrepancy. Because these inconsistencies relate to the number of children Lu has, and Lu's claim is that she has violated the family planning policy because she has three children, these details go to the heart of Lu's claim and were properly considered by the IJ as part of his adverse credibility finding.

With regard to the implausibilities cited by the IJ, this Court has noted that, to discount an applicant's testimony on the basis of implausibilities, the IJ must point to "specific, cogent" reasons for rejecting such testimony and cannot rely on "speculation." *Cao He Lin v. United States DOJ*, 428 F.3d 391, 400 (2d Cir.2005). Here, the IJ found implausible Lu's testimony that she can regain custody over her firstborn because the child has been adopted, Lu does not send any money to the adoptive parents, the child's name was changed by the adoptive parents, and the child has lived with the adoptive couple since it was one month old. The IJ also found it implausible that Lu did not tell her obstetrician in the United States that she had been pregnant previously, and Lu's explanation—that the pregnancy did not count because she gave the child away—was not found to be convincing by the IJ. Finally, Lu's testimony that the clinic kept no records of Lu's first pregnancy or childbirth was considered by the IJ to be inherently implausible. Since the IJ's implausibility findings are supported by specific, cogent reasons and are based on information in the record, and not speculation, they are based on substantial evidence.

■ With regard to whether Lu might face persecution if returned to China, the IJ stated several reasons for his finding that Lu did not meet her burden. First, he indicated that the United States Department of State Report stated that exceptions to the one-child policy had become normal in China and that couples who had children overseas were punished by fines only, and the IJ found this persuasive since Lu had sent her children to China and allowed them to be registered, and no fines were imposed and family members were not harassed even though the Chinese Government was aware of the existence of Lu's two children. Therefore, the IJ's finding that Lu had failed to demonstrate a well-founded fear of persecution was supported by substantial evidence. With regard to Lu's CAT claim, the record supports the IJ's finding that Lu did not demonstrate that it was more likely than not that she would be tortured if returned to China.

Finally, we find meritless Lu's argument that the IJ's refusal to allow an expert, John Aird, to testify prejudiced her case, since the denial of relief by the IJ and BIA

is supported by substantial evidence, the record indicates that the IJ considered Aird's written submission, and Lu has not demonstrated that Aird's in-person testimony would likely have produced a different result.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this proceeding is VACATED, and any pending motion for a stay of removal in this proceeding is DENIED as moot. Any pending request for oral argument is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34(d)(1).